UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BBC CHARTERING & LOGISTIC GMBH & CO., KG, *et al*, | § § § |
| Plaintiffs, | § |
| v. | §  CIVIL ACTION NO. H-05-04128 |
| | § |
| SUZLON WIND ENERGY CORPORATION, *et al*, | § § § |
| Defendants. | § § |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion to Dismiss (Docket # 9) and Motion to Dismiss Coastal Cargo's Complaint-in-Intervention (Docket # 20). For the following reasons, both motions are **DENIED**.

### I. Background

This case arises from alleged cargo damage that occurred on board the BBC Canada during discharge operations in Houston. Plaintiff BBC Chartering & Logistic GmbH & Co. K.G. ("BBC") and Defendants Suzlon Wind Energy Corporation and Suzlon Energy Ltd. ("Suzlon") entered into a contract of carriage for the ocean transportation of Suzlon's wind-operated electric generators aboard the BBC Canada, from Mumbai, India, to Houston, Texas. The contract of carriage was memorialized in three bills of lading. BBC employed Intervenor Coastal Cargo of Texas, Inc. ("Coastal") to unload the BBC Canada's cargo, including Suzlon's generators, upon arrival in Houston. On October 26, 2005, a welder from Coastal was cutting metal securing bands off of one of Suzlon's units when a fire started, which allegedly damaged Suzlon's cargo. Suzlon notified BBC of its claim for the cargo damage on October 28, 2005.

BBC filed this action on December 7, 2005, seeking a declaratory judgment of no liability for damage to Suzlon's cargo or, in the alternative, of limited liability. Suzlon subsequently filed suit in Hamburg, Germany on December 29, 2005, seeking compensation for the damage to its generators. Coastal filed an intervening complaint in this action, seeking a declaratory judgment of limited liability, on January 10, 2006. Suzlon has now moved to dismiss both BBC's complaint and Coastal's intervening complaint. Suzlon alleges that the action in this Court is improper under the forum selection clause contained within the bills of lading, and that the legal standards governing declaratory judgments counsel in favor of dismissing the case. Following a hearing on Suzlon's motions, and after considering the parties' briefings, the Court concludes that BBC's and Coastal's actions for declaratory relief should not be dismissed.

## II. Forum Selection Clause

Forum selection clauses contained within bills of lading are presumed to be valid, even when they provide for disputes to be adjudicated in a foreign jurisdiction. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 541 (1995); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997). Here, the bill of lading terms governing BBC's carriage of Suzlon's cargo contain a jurisdiction clause, which provides that:

> All claims against the Carrier arising from or in connection with this Bill of Lading or underlying contract of carriage shall be brought in the court of relevant jurisdiction in Hamburg, Germany with German law to apply. Nothing in the clause shall be construed to prevent the Carrier from filing suit in any jurisdiction for claims arising under or in connection with this Bill of Lading or the underlying contract of carriage.

Defs.' Mot. to Dismiss, Ex. 1, Terms ¶ 4. BBC is designated as the carrier. *Id.* BBC and Suzlon agree that this forum selection clause is valid and governs their choice of a forum.

Suzlon argues that, under the jurisdiction clause, this Court is not a proper forum for BBC's complaint. Suzlon urges the Court to construe BBC's declaratory judgment action not as a

2

"claim" on BBC's own behalf, but rather, as a defensive action arising from Suzlon's claims for cargo damage against BBC. Accordingly, Suzlon argues that no "claims" exist in favor of BBC in this case, and that jurisdiction is therefore improper in any court other than one located in Hamburg, Germany. Suzlon further points out that, because BBC drafted the terms and conditions of the bills of lading, the Court should strictly construe these terms against BBC. *See West India Indus., Inc. v. Tradex, Tradex Petroleum Servs.*, 664 F.2d 946, 951 n.9 (5th Cir. 1981).

While the Court must construe the jurisdiction clause against BBC, however, Suzlon's reading of the clause, and of the term "claim," is far too narrow. Although BBC's declaratory judgment action is not a claim for damages, it is a claim for declaratory relief that BBC is either shielded from liability for damage to Suzlon's cargo, or that its liability is limited. Such a claim for declaratory relief is just as much a "claim" as is a claim for damages, and its defensive nature is of no import. Neither common usage nor the language of the jurisdiction clause draws any distinction between these types of claims. Here, BBC's claim for declaratory relief arises in connection with the bills of lading and the underlying contract of carriage. The jurisdiction clause reserves to BBC the right to bring such a claim in any forum of its choosing. The Court therefore finds that BBC properly brought its declaratory judgment action before this Court, under the jurisdiction clause set forth in the bill of lading terms.

Unlike BBC's complaint, the parties disagree as to whether or not Coastal's intervening complaint is bound by the jurisdiction clause and other bill of lading terms that govern the contract of carriage entered into by Suzlon and BBC. Suzlon argues that the jurisdiction clause applies to Coastal through the "Himalaya Clause" that is also included in the bills of lading, and which provides that "every exemption, limitation, condition and liberty herein contained and every right, exemption from liability and limitation of liability applicable to the Carrier or which the Carrier is entitled hereunder shall also be available and shall extend to protect every such servant, agent or

3

manager of the Carrier. . . ." Defs.' Mot. to Dismiss, Ex. 1, Terms ¶ 20(a). Suzlon argues that, because Coastal has availed itself of the bills of lading's limitation of liability under the Carriage of Goods by Sea Act (COGSA), Coastal should also be subject to the jurisdiction clause. Conversely, Coastal asserts that it was not a party to the contract of carriage or to the bills of lading under which BBC transported Suzlon's cargo to the United States, but rather, a third party beneficiary. According to Coastal, it has not invoked the bill of lading terms, but rather has claimed the benefit of only a single section. Coastal argues that, therefore, a German court does not have jurisdiction over it, and that this Court is instead the proper forum for its claims.

The Court need not decide at this time whether or not Coastal is bound by, or may avail itself of, the bill of lading terms. In either circumstance, this Court is a proper forum for Coastal's intervening complaint. If Coastal is subject to the jurisdiction clause, it would then be subject to the same forum selection limitations as is BBC. Because the jurisdiction clause allows BBC to file suit in any jurisdiction for claims arising from the contract of carriage, which, as discussed above, includes claims for declaratory judgment, Coastal would similarly be permitted to file its claim for declaratory relief in any jurisdiction. Coastal's claim before this Court would therefore be in accordance with the jurisdiction clause. If, on the other hand, Coastal is not subject to the jurisdiction clause, it would then be free of any contractual restrictions on forum selection. In this case, Coastal could choose to file its action in any forum with jurisdiction to hear it, including this Court. Because Coastal's selection of this Court as the forum for its declaratory relief action is appropriate under either set of circumstances, the Court concludes that Coastal's intervening complaint, like BBC's complaint, is properly before this Court.

### III. Declaratory Judgment Considerations

Suzlon additionally urges the Court to refrain from hearing BBC's and Coastal's claims for declaratory relief based upon the legal standards and polices underlying the Declaratory Judgment

4

Act, 28 U.S.C. § 2201(a). As BBC correctly notes, this case does not involve a parallel state court proceeding, as do many cases in which actions for declaratory relief are challenged, but rather, it involves a subsequent proceeding brought in a foreign jurisdiction. Despite the fact that Suzlon's claim for damages is pending in a foreign jurisdiction, rather than in a U.S. state court, however, the concerns of fairness, practicality, and judicial economy that underlie the Declaratory Judgment Act are applicable to this case.

The Fifth Circuit has found that, in analyzing whether to decide or dismiss a declaratory judgment action, a district court should determine: (1) whether the action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). Here, there exists an actual and immediate controversy among the parties, as Suzlon seeks to hold BBC and Coastal liable for damage to its cargo, and BBC and Coastal seek a declaration shielding them from such liability. The declaratory judgment claims brought by BBC and Coastal are therefore justiciable. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895-96 (5th Cir. 2000) (noting that whether a declaratory action is justiciable is typically a question of "whether an actual controversy exists between the parties") (internal quotation omitted). Similarly, the Court has the authority to grant declaratory relief in this case, as there is no previously-filed state suit, and the Anti-Injunction Act, 28 U.S.C. § 2283, is not implicated. *See Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (finding that a district court lacks the authority to grant declaratory relief where: (1) a declaratory defendant previously filed a cause of action in state court; (2) the state suit involved the same issues as those before the federal court; and (3) the Anti-Injunction Act prohibits the district court from enjoining the state proceedings). The Court must therefore proceed to the final step of the analysis, and determine whether it should exercise its discretion and dismiss the case.

A district court has substantial discretion in deciding whether to retain jurisdiction over a declaratory action, yet this discretion should be guided by "considerations of practicality and wise judicial administration." *Sherwin-Williams*, 343 F.3d at 389 (citing *Wilton v. Seven Falls Co.*, 515 US 277, 288 (1995)).  The Fifth Circuit has identified a number of nonexclusive factors that a district court should consider in deciding whether to dismiss a declaratory judgment action, including:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses; and
> (6) whether retaining the lawsuit would serve the purposes of judicial economy.

*Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)).  These factors address concerns of the proper allocation of decision-making between state and federal courts, fairness, and efficiency.  *Sherwin-Williams*, 343 F.3d at 390-91.

Here, there is no pending state action.  Although Suzlon's subsequent action for damages is pending in Germany, Coastal is not a party to that case, and it is doubtful whether the German court could exercise jurisdiction over Coastal.  Accordingly, not all of the matters in controversy, namely those pertaining to Coastal's claims of limited liability and BBC's and Suzlon's claims against Coastal, will be litigated in the German action.  In contrast, all of the parties and matters at issue are before this Court in the case at bar.

With respect to the second factor, it does appear that BBC filed this action in anticipation of Suzlon's action for damages.  That BBC's action was anticipatory does not mandate dismissal, however, as a proper purpose of the Declaratory Judgment Act is to allow parties to resolve disputes without having to wait to be sued.  *Sherwin-Williams*, 343 F.3d at 397.  Similarly, as set

6

forth in the third factor, BBC engaged in forum selection by choosing this Court as the forum for its declaratory judgment action. Suzlon has not, however, shown that BBC chose this forum for improper or abusive reasons. Rather, the legitimacy of BBC's choice of this forum is supported by the fact that the fire that allegedly damaged Suzlon's cargo took place here in Houston, as well as that Coastal is located in Houston. As the Fifth Circuit has noted, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391. There is no indication that BBC's choice of this forum was improper or abusive.

     Suzlon argues that inequities will occur if BBC's action before this Court proceeds, as contemplated by the fourth factor, because the bills of lading contain conflicting choice of law clauses, one applying German law, and the other applying the U.S. COGSA. Suzlon fails to explain, however, why a German court is any better equipped than this Court to decide which contractual choice of law provision to apply. Additionally, the choice of law clause providing for the application of German law is the jurisdiction clause discussed above, which states that "all claims *against* the Carrier arising from or in connection with this Bill of Lading or underlying contract of carriage shall be brought in the court of relevant jurisdiction in Hamburg, Germany with German law to apply." Defs.' Mot. to Dismiss, Ex. 1, Terms ¶ 4 (emphasis added). As previously discussed, this part of the jurisdiction clause does not apply to claims brought *by* BBC, such as the declaratory judgment action currently before this Court. Thus, Suzlon's argument that this action is governed by two conflicting choice of law provisions appears to be incorrect. There is no need for the Court to presently decide what law applies to the parties' claims, however, because regardless of what law applies, Suzlon has not demonstrated that any inequities or unfairness will result from allowing this case to proceed.

7

Under the fifth factor, the Court finds that this is a convenient forum for the parties and witnesses. BBC and Coastal both have offices located in Houston, and Suzlon, with offices in Chicago, Illinois, and India, has not shown that Germany is any more convenient a forum for it than Houston. Additionally, witnesses and documents pertaining to the fire that took place when the BBC Canada was docked in Houston are most likely located in this jurisdiction, including BBC's port captain, BBC's marine surveyor, and Coastal's stevedoring crew. Aside from BBC's corporate offices, Suzlon has failed to identify any parties, witnesses, or evidence located in Germany. Finally, with respect to the sixth factor, Coastal is not a party to Suzlon's suit in Germany, and the action before this Court is the only case to which all involved parties are subject. Thus, this case is the only one in which all claims between the parties can be resolved, and retaining this action will thereby further judicial economy and efficiency.

Having considered the factors laid out by the Fifth Circuit, the Court concludes that the concerns of fairness, practicality, and judicial economy underlying the Declaratory Judgment Act counsel in favor of retaining BBC's declaratory judgment action and Coastal's intervening action.

## IV. Conclusion

Suzlon's motion to dismiss BBC's declaratory judgment action and motion to dismiss Coastal's intervening complaint are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 18th day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT